NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| KEITH WOOTEN, | : | |
| | : | |
| Petitioner, | : | Civ. No. 05-3172 (GEB) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| | : | |
| Respondent. | : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Keith Wooten ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and Respondent the United States of America's ("the Government") motion to dismiss the petition. Having decided the matter based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, the petition is denied and dismissed with prejudice.

**I.   BACKGROUND**

On September 21, 2000, a grand jury handed up a two-count indictment against Petitioner. Count One charged Petitioner with conspiracy to distribute and possess with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841 and 846. Count Two charged Petitioner with violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

-1-

for distribution and possession with intent to distribute more than fifty grams of cocaine base.

The parties entered into a plea agreement on November 20, 2000. A plea hearing was held on November 22, 2000. Pursuant to the plea agreement, Petitioner plead guilty to the conspiracy charge and the Government agreed to dismiss the second count. In the plea agreement and at the hearing, Petitioner was advised that the conspiracy charge carried a statutory minimum penalty of ten years imprisonment and a maximum penalty of life imprisonment. Petitioner was also informed that determination of the ultimate sentence was one that rested within the sole discretion of the sentencing judge.

The presentence investigation report ("PSR") was prepared by the Probation Office. The PSR indicated that Petitioner's initial base offense level was thirty-two. At sentencing, the Court adjusted the offense level to thirty-seven after determining that Petitioner qualified as a career offender under United States Sentencing Guidelines ["U.S.S.G."] § 4B1.1. The Court then reduced Petitioner's offense level by three points for early acceptance of responsibility. (*Id.*). Based on an adjusted offense level of thirty-four, and a criminal history category of VI, the applicable guideline range was 262 to 327 months. Petitioner was sentenced to a prison term of 262 months and five years of supervised release. Petitioner subsequently appealed his conviction and sentence to the Court of Appeals for the Third Circuit. On May 28, 2004, the Third Circuit affirmed the judgment. Petitioner did not file any subsequent appeals.

On June 23, 2005, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence. A Notice and Order was entered on July 28, 2005, advising Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and directing him to inform the Court as to how he wishes to proceed with his motion. Petitioner did not file a

response to the Notice, and on September 9, 2005, the Government was advised to answer within forty-five days. In the interim, Petitioner filed, and this Court granted, a deficient motion for extension of time to file a memorandum of law in support of his petition. Petitioner filed his memorandum on October 26, 2005. The Government filed a motion to dismiss on September 30, 2005, and a supplemental letter brief in support of its petition on November 7, 2005. In his petition, Petitioner makes two contentions: 1) ineffective assistance of counsel based on counsel's alleged failure to advise him of his career offender status and 2) improper reliance on his prior convictions to enhance his sentence. The Court will address each argument in turn.

## II.   DISCUSSION

### A.   Standard of Review For 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct or set aside a sentence that:

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. However, "section 2255 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S. 1033 (1994)). Moreover, if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation. *Henry v. United States*, 913 F. Supp. 334,

336 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996); *see also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in *United States v. Frady*, 456 U.S. 152 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."). However, a petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for the first time in a collateral attack. *DeRewal*, 10 F.3d at 104.

B.     **Ineffective Assistance of Counsel**

Petitioner claims that he was denied effective assistance of counsel because he was not advised of the potential applicability of the career offender provision prior to his acceptance of the plea agreement. (Pet.'s June 20, 2005 Br. at 7). Petitioner further asserts that but for counsel's failure to advise him of this alleged error, he would not have plead guilty and would have proceeded to trial. (Pet.'s Oct. 25, 2005 Br. at 7).

A claim of ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (internal citation and quotation marks omitted). In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established the standard for reviewing ineffective assistance of counsel claims. In order for a petitioner to succeed on such a claim, he must establish that: (1) his attorney's performance was objectively deficient, and (2) that such deficient performance prejudiced his defense. *Id.* at 687. When evaluating performance, courts must examine the entire proceedings and determine whether, in light of all the circumstances, counsel's conduct was outside the wide range of professionally competent assistance. *See*

*Kimmelmann v. Morrison*, 477 U.S. 365, 386 (1986).  With respect to the prejudice inquiry; whether the outcome may have been different but for counsel's error is not dispositive, rather the court must focus on whether the result of the proceeding was fundamentally unfair or unreliable.  *Lockhart*, 506 U.S. at 369-370.

The argument Petitioner raises in the instant motion has been squarely rejected by a number of courts, including this Court in *Nwachia v. United States*, 891 F. Supp. 189 (D.N.J. 1995).[1]  In *Nwachia*, the petitioner argued that he was denied "effective assistance of counsel because his attorney failed to explain to petitioner before his plea of guilty that he might be classified as a career offender and be subject to enhanced penalties under the sentencing guidelines." *Id.* at 196 (internal quotations omitted).  Relying on the persuasive reasoning set forth by the Eighth Circuit in *Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994), the Court rejected Petitioner's argument as a matter of law.

The Court noted that the petitioner was informed during the plea hearing of the impossibility in predicting his sentence until after the PSR was finalized.  *Nwachia*, 891 F. Supp. at 198.  Furthermore, Petitioner also stated that he understood it was within the judge's discretion to impose a sentence that was either more or less severe than that called for by the guidelines.  The Court also noted that once Petitioner was classified as a career offender, Petitioner did not voice any objection to the classification and "did not indicate any desire to withdraw his plea at the time of sentencing based upon this classification." *Id.* at 199.  In light of these circumstances, the Court concluded that it was "abundantly clear that petitioner has failed to demonstrate that his counsel's representation

---

[1] The Third Circuit has explicitly rejected this argument in two nonprecedential opinions. *See Jones v. United States*, 131 Fed. App. 819 (3d Cir. 2005); *Brown v. United States*, 45 F. App. 92 (3d Cir. 2002).

'fell below an objective standard of reasonableness.'" *Id.*  The Court also concluded that an evidentiary hearing was not required because Petitioner's claim failed as a matter of law.

In the present case, the record before the Court likewise demonstrates that Petitioner understood that by pleading guilty, he faced the possibility of life imprisonment and that the ultimate sentence could not be determined until after the PSR was completed.  Specifically, the plea agreement which was signed by Petitioner states that the sentence to be imposed remained within the sole discretion of the judge, that the judge may "impose the maximum term of imprisonment and the maximum fine" consistent with the sentencing guidelines, and that the Government "cannot and does not make any representation or promise as to what guideline range will be found applicable to Keith Wooten, or as to what sentence Keith Wooten ultimately will receive."  (Plea Agreement at 2).  Additionally, the Rule 11 form likewise signed by Petitioner reflects his understanding that his sentence cannot be determined until after the PSR has been completed and both Petitioner and the Government have had an opportunity to challenge any facts included in the PSR.  (PSR at 5).  Significantly, Petitioner indicated his understanding at the plea hearing based on the following exchange that took place:

> THE COURT:  Okay.  Now, you tell me also that you understand you'll be sentenced according to sentencing guidelines, discussed with your attorney how they might apply to your case, and understand the Court will not be able to determine the sentence for your case until after the presentence report has been completed and both you and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.  Even after it's been determined which guideline range applies to your case, this Court has the authority to impose a sentence more severe than the statutory maximum or less severe than that provided by the guidelines.  Parole has been abolished.  If you are sentenced to prison, you will not be released on parole and you'll have no right to withdraw your plea on the grounds that anyone's prediction as to guideline range or expectation of sentence proves inaccurate.  Do you

    understand what I just said to you?

    MR. WOOTEN: Yes.

(Tr. of Plea Hr'g at 6:19-7:11).

  Furthermore, as was the case in *Nwachia*, upon being classified as a career offender at the sentencing hearing, Petitioner did not voice any objection, nor did he move to withdraw his plea as a result of this classification. *See Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (rejecting petitioner's claim of ineffective assistance of counsel based on attorney's failure to advise him of career offender status and further noting that if failure to advise petitioner of "the possibility that he might be treated as a career offender constituted ineffective assistance of counsel, one would have expected [petitioner] to have raised the issue at [the sentencing hearing]"). Given these facts, Petitioner fails to meet the first prong of the *Strickland* test.

  Although the Court need not address the prejudice inquiry after having concluded that Petitioner fails to satisfy the first requirement of the *Strickland* test, the Court nonetheless concludes that Petitioner cannot demonstrate that his attorney's performance prejudiced his defense. By accepting the plea agreement, Petitioner's exposure was significantly reduced given the three point reduction for acceptance of responsibility which resulted in a prison term of 262 months. Had Petitioner rejected the plea and proceeded to trial as he now contends, Petitioner faced substantially greater penalties, including life imprisonment. Moreover, any misstatements or omissions allegedly made by Petitioner's attorney was cured by the Court during the plea hearing when it informed Petitioner of the potential sentence he faced by pleading guilty. *See United States v. Foster*, 68 F.3d 86 (4th Cir. 1995) ("In an attempt to establish prejudice, [the petitioner] maintains that if he had been correctly told that he could be sentenced as a career offender, he would not have pleaded guilty, but

would have proceeded to trial. However, any misinformation [the petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [the petitioner] was not prejudiced."). As such, Petitioner's attempt to establish prejudice fails.

Accordingly, the Court rejects Petitioner's claim of ineffective assistance of counsel. The Court further concludes that an evidentiary hearing is not warranted in this instance since Petitioner's claim fails as a matter of law, and no relevant disputed factual issues remain. Consequently, Petitioner's motion is denied on this basis.

### C.    Petitioner's Prior Convictions

Next, Petitioner states in a conclusory manner: "Mr. Wooten submits that he did not admit to the fact of his prior convictions nor were they submitted to any jury. As such, Mr. Wooten presents that the district court violated his Sixth Amendment right by increasing his sentence based on those facts." (Pet.'s Oct. 25, 2005 Br. at 7). To the extent Petitioner is raising a claim under *United States v. Booker*, 125 S.Ct. 738 (2005), this argument likewise fails.

The Supreme Court held in *Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The Third Circuit recently held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued." *Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005).

The Court first notes that the rule of law set forth in *Booker* does not apply to prior convictions which is precisely what Petitioner relies upon in support of this argument. *Booker*, 125

S.Ct. at 756. Even if it did, however, *Booker* would not apply retroactively to Petitioner's § 2255 motion. Here, Petitioner appealed his sentence to the Third Circuit on April 12, 2001, and the court affirmed his conviction on May 28, 2004. Petitioner did not file a writ of certiorari in the Supreme Court. Thus, judgment in Petitioner's criminal case became final ninety days after May 28, 2004. *See Kapral v. United States*, 166 F.3d 565, 570-71 (3d. Cir. 1999) (noting that a "defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari" and "if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires"). Therefore, judgment of Petitioner's criminal conviction and sentencing became final well before the issuance of *Booker*. Consequently, pursuant to *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005), *Booker* does not apply and Petitioner's argument also fails on this basis.[2]

---

[2] Petitioner also states: "At this time, Mr. Wooten would like to preserve his ability to raise a challenge to the use of those convictions to enhance his sentence under § 4B1.1 of the Guidelines." (Pet.'s Oct. 25, 2005 Br. at 7). Petitioner fails to cite any legal support for this requested relief. As such, the request is denied.

**III.     CONCLUSION**

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied and the Government's motion to dismiss is granted.  An appropriate form of Order accompanies this Memorandum Opinion.


Date:   December 14, 2005


                                                      s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.